IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABNER PALENCIA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-1691 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| NORTH POINT VETERANS | ) | |
| PROGRAM-TURNING POINT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff's Complaint will be dismissed for lack of subject matter jurisdiction, without prejudice to the filing of an amended complaint.

This Court owes a duty to raise, *sua sponte*, matters regarding the existence of subject matter jurisdiction. Huber v. Taylor, 532 F.3d 237, 249 (3d Cir. 2008). In this case, Plaintiff's *pro se* Complaint alleges federal question jurisdiction, citing 18 U.S.C. § 1512. *See* Compl. (Doc. 1) at 3. The sum-total of Plaintiff's factual averments are as follows:

> [Defendant] failed to provide protection and report to the local authorities immediately concerning my being harassed, resulting in my stay in psychiatric care, losing access to work, schooling, family and being relocated, as well as triggering suicidal relapse. . . .  Staff of the program [were] aware of my violation yet consulted with Veterans Affairs personnel and not local authorities, delaying my access to care (mental) as well as safety (physical).

*Id.* at 4.

18 U.S.C. § 1512 is a criminal statute that does not create a private cause of action. Thomas v. Franklin, 2019 WL 1281174, *2 (M.D. Fla. Mar. 20, 2019); Kalika, LLC v. Boston &

Maine Corp., 2019 WL 1276099, *2 (D. Mass. Mar. 20, 2019).  Otherwise, there is no apparent basis for exercising federal question jurisdiction on the facts alleged.

The case, therefore, must be dismissed.  Given the Court of Appeals for the Third Circuit's recognition, however, that a plaintiff should be afforded notice and an opportunity to respond before a case is dismissed with prejudice for lack of subject matter jurisdiction, the Court will allow Plaintiff to file an amended complaint.

Should Plaintiff wish to file an amended complaint, he must do so by **December 21, 2020**.  If Plaintiff does not timely file an amended complaint, identifying a valid jurisdictional basis for proceeding, the Court will convert the dismissal to one with prejudice.  Finally, Plaintiff must make last, best efforts in these regards, because further opportunity for amendment will not be afforded.

IT IS SO ORDERED.

December 2, 2020                                                      s\Cathy Bissoon
                                                                      Cathy Bissoon
                                                                      United States District Judge

cc (via First-Class U.S. Mail):

Abner Palencia
PRRTP-Building 69/122B-A
1010 Delafield Road
Pittsburgh, PA  15215